### MULLIGAN *v.* NEW YORK & R. B. R. Co. *et al.*

*(Supreme Court, General Term, Second Department. May 11, 1891.)*

MASTER AND SERVANT—TORTS OF SERVANT.

Where a railroad ticket agent wrongfully procures the arrest of a passenger on the ground that the passenger paid for his ticket with counterfeit money the railroad company is liable.

Appeal from circuit court, Kings county.

Action by John J. Mulligan against the New York & Rockaway Beach Railroad Company and another for false imprisonment. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hinsdale & Sprague,* for appellants. *Charles J. Patterson,* for respondent.

BARNARD, P. J. The plaintiff was a passenger on the defendant's road. He had paid his fare, and passed out upon the platform to take the train. He had paid his fare with a five-dollar bill, and had received the change. The defendant's ticket agent who had received the bill, and while the plaintiff was upon the platform, charged the plaintiff with passing upon him a counterfeit bill, and directed and procured the arrest of the plaintiff therefor. The charge failed because the bill was good. The defendant is liable. The ticket agent was acting directly within the lines of his duty to the defendant. He was to take good money only, and passengers were to give good money only. If a fraud was committed upon him by the passengers the agent was acting for defendant in his attempt to prevent and punish such offenses. The liability of the defendant for his act is established by the case of *Lynch* v. *Railroad Co.,* 90 N. Y. 77. It is no answer to the claim of the plaintiff to say that the agent had no authority to cause arrest. He attempted to perform a duty which he believed to be within the scope of his employment, and which was manifestly for the interest of the railroad company which employed him. The ticket agent's act was a willful one, under the case of *Stewart* v. *Railroad Co.,* 90 N. Y. 588. The arrest was a trespass. It was made without a warrant, and the justification which would be furnished by proof of a criminal act failed before the magistrate. The arrest was, therefore, a wholly unjustifiable assault on the passenger. *Davis* v. *Society,* 75 N. Y. 362; *Burns* v. *Erben,* 40 N. Y. 463. The damages are not excessive. The arrest was publicly made in a crowd of people, and upon a public charge of felony. The plaintiff was taken a mile through the streets of Brooklyn to the Seventeenth Precinct station-house. There was finally quite a crowd who followed the prisoner to the station-house. There his innocence was made plain, and he was discharged. There could scarcely be a greater indignity put upon an innocent man. The jury were very moderate in their view of the damages.

The judgment should be affirmed, with costs.