### FINLEY *v.* HUDSON ELECTRIC RY. CO.

*(Supreme Court, General Term, Third Department. July 2, 1892.)*

STREET RAILROADS—INJURIES TO PASSENGERS—PERSON INVITED ON CAR.
  Plaintiff, a boy eight years old, after opening the switch of an electric street railroad as a service to the motor man, was in return invited and allowed to ride on the car by the motor man against the prohibition of defendant company. In getting on the car, which was moving slowly, plaintiff slipped, and the car passed over his legs. *Held*, that the motor man acted beyond the scope of his authority; that defendant owed no duty to plaintiff as a passenger; and that he was not entitled to recover for the injury.

Appeal from circuit court, Columbia county.
Action by William H. Finley by Christopher Finley, his guardian, against the Hudson Electric Railway Company. Plaintiff was a boy eight years old,

and was injured in getting on defendant's car, where he was invited by the motor man as a compensation for service in pushing back a switch tongue on the road. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*R. E. Andrews,* (*L. F. Longley,* of counsel,) for appellant. *Cady & Hoysradt,* (*J. Rider Cady,* of counsel,) for respondent.

HERRICK, J. The car of the defendant was moving at a moderate rate of speed, and carefully, through the streets, so that no duty that the defendant owes to other users of the street was violated. The plaintiff was not seeking to obtain passage as a passenger. He was not expecting or expected to pay fare, and the defendant owed no duty to him as a passenger. *Connolly* v. *Ice Co.,* 114 N. Y. 104–109, 21 N. E. Rep. 101; *Fleming* v. *Railroad Co.,* 1 Abb. N. C. 433, affirmed 74 N. Y. 618; *Buckley* v. *Railroad Co.,* 43 N. Y. Super. Ct. 187. But it is claimed that the plaintiff was getting upon the car by invitation of the motor man or conductor, in payment for his services in opening a switch for the motor man. Assume that to be the fact, in doing so the motor man was not acting within the line of his duty; neither was he doing it in furtherance of the defendant's interest, or for its benefit. No benefit was to be derived by the defendant from the motor man's act. Not only is it not within the scope of his employment to invite people to ride free, or to employ others to assist him in the performance of his duties and compensate them by free transportation, but in this particular case the defendant, for the purpose of breaking up a practice of the kind in question, had ordered its motor men not to permit or allow it, and had made rules against it. The master is liable only for the authorized acts of the servant,—those done within the scope or line of the servant's employment. The root of the master's liability for the servant's acts is his consent, express or implied; and when his acts are done within the scope of his employment, or for his master's benefit, or in furtherance of his interest, although not strictly in the line of his duty, yet in the course of his employment, the master's assent is implied, and he is accordingly held liable. *Meehan* v. *Morewood,* (Sup.) 5 N. Y. Supp. 710; *Mulligan* v. *Railroad Co.,* (Sup.) 14 N. Y. Supp. 456. And as in the case of *Quinn* v. *Power,* 87 N. Y. 535, where, although the servant departed from the strict line of his duty, yet what was done was in the line of his business, for the master's benefit, in furtherance of his interests, and what the master might naturally have done if he had been present. Pages 541, 542. The proposition of law is beyond dispute. The difficulty is, as in most cases, in applying it. The scope of the motor man's duty as motor man, or driver of the car, was to conduct or drive the car carefully through the streets; as conductor, (for he seems in this case to have been both motor man or driver and conductor,) it was his duty to see to the welfare of passengers, or those seeking to become passengers. He owed, as the servant of the defendant, a duty to no one else. The plaintiff was not injured by reason of any neglect of duty that the defendant owed to other users of the streets; neither was he injured by any neglect of duty that the defendant owed to him as a passenger, or one seeking to become a passenger; and it was not within the scope of the conductor's duty to invite him on the car as a guest, and as such the defendant was under no obligation of duty to him. It seems to me that it was not a part of the motor man's or conductor's business, or within the scope of his employment, or for the benefit of the defendant, or in furtherance of its interest, to invite the plaintiff upon the car under the circumstances in this case, and hence that the defendant's assent thereto cannot be implied. For these reasons judgment should be reversed, and a new trial granted, costs to abide the event. All concur.