JOSEPH SMITH, Plaintiff, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Defendant.

*Damages for personal injuries — liability of an employer for the explosion of torpedoes by his employee — burden of proof that the act of the employee was within the scope of his employment.*

Where a station agent, acting within the scope of his employment and in the performance of a duty imposed upon him by the railroad company, his employer, explodes torpedoes for the purpose of signaling a train, in the vicinity of a station where persons were standing on the platform, the railroad company is liable for injuries resulting therefrom, if such act was negligent and dangerous.

If in so doing the station agent went outside of his employment in order to effect a purpose of his own and exploded the torpedoes for his own amusement, and not for the purpose of signaling a train, the company would not be liable.

It rests upon the plaintiff, in an action brought to recover damages caused by the explosion of a torpedo, to show that the person exploding the same was acting within the scope of his employment by the railroad company against which the action was brought.

MOTION by the plaintiff, Joseph Smith, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance upon the dismissal of the complaint directed by the court after a trial at the Cayuga Circuit on the 6th day of October, 1893, before the court and a jury.

*H. V. Holland,* for the plaintiff.

*J. W. Dunwell,* for the defendant.

HAIGHT, J.:

This action was brought to recover the damages sustained by the plaintiff on the 23d day of July, 1891, at the West Shore railroad station at Port Byron, N. Y., by reason of the alleged negligence of the defendant's station agent at that place.

It appears from the evidence that the plaintiff was standing upon the platform of the station; that a train known as the local freight had arrived, stopped, switched some cars and was about starting on its way when H. S. Riker, the defendant's station agent, stepped out and placed two torpedoes upon the track under one of the freight cars in the central part of the train, and then ran back to the station house. The train had just begun to move, and as the rear wheels of the freight car passed over the torpedoes an explosion occurred causing some sharp fragment to pierce the plaintiff's leg, inflicting a serious injury.

The plaintiff first testified that the train did not stop after the explosion, but continued on its way, but he subsequently testified that it did stop for a time. But no evidence was submitted showing that any communication took place between the station agent and the persons in charge of the train thereafter. The plaintiff read in evidence the rules under which the West Shore railroad was operated at that time, providing for the use of signals, in which it is provided that:

" 30. An explosive cap or torpedo placed on the top of the rail is a signal to be used in addition to the regular signals. The explosion of one torpedo is a signal to stop immediately. The explosion of two torpedoes is a signal to reduce speed immediately and look out for a danger signal."

" 77. The torpedoes must not be placed near stations or road crossings where persons are liable to be injured by them.

" 78. All signals must be used strictly in accordance with the rules, and trainmen and enginemen must keep a constant lookout for signals."

This is, in substance, the evidence presented on behalf of the plaintiff. From it we are asked to assume that the station agent was attempting to signal the train to stop by exploding the torpedoes; that he was thus acting within the scope of his employment, but in the use of the torpedoes, under the circumstances, at that place, he

was guilty of negligence, and consequently the plaintiff was entitled to recover.

On behalf of the defendant evidence was given to the effect that torpedoes were not furnished to station agents for their use; that they were not permitted to use them in the vicinity of a depot; that there was no occasion for signaling the train at the time of the accident; that it was not signaled and did not stop after it had started from the station. Riker, the station agent, testified that the torpedoes used by him were thrown off by conductors of passing trains as a make-weight for the paper containing the numbers of their trains; that he picked them up, and as the train started he put them upon the track for the purpose of hearing the explosion and with no occasion for or object in view of signaling the train.

It is thus apparent that the only question in the case was as to whether the station agent in doing what he did was acting within the scope of his employment in the performance of a duty imposed upon him by the company. If so, and if it was negligent and dangerous to explode the torpedoes in the vicinity of the station when persons were standing upon the platform, the company is liable, but if by doing what he did he went outside of his employment in order to effect a purpose of his own, in exploding the torpedoes for his own amusement and not for the purpose of signaling the train, then the company would not be liable. (*Isaacs* v. *Third Ave. R. R. Co.*, 47 N. Y. 122; *Mott* v. *Consumers' Ice Co.*, 73 id. 543–547; *Mulligan* v. *The N. Y. & Rockaway Beach Ry. Co.*, 129 id. 506; *Mars* v. *D. & H. C. Co.*, 54 Hun, 628; *Finley* v. *Hudson Electric Ry. Co.*, 64 id. 373.)

It may be that Riker was so far an interested witness that his credibility was involved, which could only be passed upon by the jury. But, as we have seen, the plaintiff showed from the rules of the company that the explosion of torpedoes near stations and road crossings, where persons were liable to be injured, was prohibited. He has not shown that there was any occasion or reason for signaling the train on this occasion, or that the torpedoes were exploded for that purpose. It appears that the torpedoes were placed upon the track close together, so that the explosion of one instantly followed the other. This was not a signal under the regulations of the company. In case a signal was to be given to slow up and pro-

ceed with caution two torpedoes would be placed upon the track, but several rails apart so that there would be two distinct reports, several seconds intervening, and if it was desired to bring a train to a stand one torpedo only would be used. We are, therefore, inclined to the view that the plaintiff failed to show that Riker was acting within the scope of his employment in exploding the torpedoes.

The motion for a new trial should be denied and judgment ordered for the defendant upon the nonsuit.

DWIGHT, P. J., LEWIS and BRADLEY, JJ., concurred.

. Motion for a new trial denied, and judgment ordered for the defendant upon the nonsuit.