Sullivan v. Louisville & N. R. R. Co.

---

Case 53—Action by D. J. Sullivan against the L. & N. R. R. Co. to Recover Damages for Personal Injury.—May 1.

## Sullivan v. L. & N. R. R. Co.

115  447
d121  626
e122  667
d122  823
123   13

115   447
e128  830

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

MASTER AND SERVANT—NEGLIGENCE OF SERVANT—SCOPE OF EMPLOYMENT—CONTINUING ACT—INJURY TO EMPLOYE—LIABILITY OF MASTER.

Held:  1. Where a member of a railroad switching crew was injured by the explosion of a torpedo which the foreman of the crew found in some rubbish in a tool box on the switch engine and placed on the rail in front of the locomotive as a prank, which act was not within his employment, the railroad company was not liable for such injuries.

2. The act of the foreman in placing and leaving the torpedo on the track being continuous, with a view to frighten the engineer or fireman by its explosion, his failure to remove the

torpedo, knowing that it would explode and might cause injury, was insufficient to create a liability as against the railroad company.

MATT O'DOHERTY, FOR APPELLANT.

It is shown by the evidence in this case that the foreman of a switching crew holds the same relation to the switchmen under him that a conductor holds to a brakeman.

The injury to decedent occurred in this way: The engine had taken water and was ready to start. Decedent was at his proper place on the foot board in front of the engine. The foreman took a torpedo which he found in his tool box on the engine and placed it on the rail in front of the engine not to serve any useful purpose, but merely as he says, as a practical joke that the explosion of the torpedo might frighten the engineer and fireman. When the engine moved forward the torpedo exploded with the result that the metal casing lodged in decedent's leg severing an artery. He was taken to the hospital and by a severe and painful operation the casing was extracted. He has since died, but it is not claimed that his death was caused by the wound.

The contention of the defendant is that the foreman in placing the torpedo on the rail was not acting within the scope of his employment, but only meant to perpetrate a practical joke upon the engineer by the explosion of the torpedo just behind him, and that the act being unauthorized by the defendant company, no liability is imposed.

Our contention is, that not only was the act of the foreman in *placing* the torpedo on the rail, where it must explode in such close proximity to the decedent, an act of gross negligence, but still more his act in suffering and permitting the danger to decedent thus brought into existence, to remain without notice or warning to him *and without an attempt to remedy or remove it* was negligence of the grossest character, that it became a part of the *foreman's duty* as soon as he knew of the danger to the decedent *to either remove it or warn the decedent so that he might protect himself against it.*

### AUTHORITIES CITED.

Jaggard on Torts, vols. 1, 258 and 259; Shearman & Redfield on Neg., secs. 226, 154, 146 and note; Texas and Pacific R. R. Co. v. Scoville, 62 Fed. Rep., 730; 10 C. C. A., 484; Philadelphia and Reading R. R. Co. v. Derby, 14 How., 510; Lamb v. Polk, 9 C. & P., 629; Shearman & Redfield, sec. 230, p. 410; Railway Co. v. Shields, 47 Ohio State; Harriman v. R.

R. Co., 45 Ohio St. Rep., 11; Railway v. Shields, 47 Ohio State, pp. 391-2-3-4-5; Lexington Ry. Co. v. Cozine, 23 Ky. Law Rep., 1139; Smith v. L. & N. R. R. Co., 95 Ky., 11; Thurman v. L. & N. R. R. Co., 17 R., 1344, and I. C. R. R. Co. v. West, 22 R., 1388.

HELM, BRUCE & HELM, FOR APPELLEE.

The foreman having found the torpedo, had no use for it in connection with his duties as a member of the switching crew, but merely by way of a joke, to startle the engineer and fireman, he placed it on the rail in front of one of the wheels. Sullivan was standing on the foot board in front of the engine on the right hand side of it. The torpedo was placed on the rail on the left side of the engine, and he himself got upon the foot board in front of the engine and on the left side thereof. When the torpedo exploded, to the surprise of everybody, a piece of the metal flew to the opposite side and struck Sullivan on the leg.

There is no pretense that there was any use for the torpedo at the time it was placed on the rail and no dispute over the proposition that it was placed there purely in a spirit of fun as a joke.

Now, the question of law is whether the railroad company is liable for the result of this practical joke simply because the man who perpetrated it was an employe of the company.

Our contention is, that "beyond the scope of his employment the servant is as much a stranger to his master as any third person, and the act of the servant not done in the execution of the service for which he was engaged, can not be regarded as the act of the master."

### AUTHORITIES CITED.

14 Am. & Eng. Ency. of Law, (1st ed.), p. 809; Sherley v. Billings, 8 Bush, 147; Smith v. L. & N. R. R. Co., 95 Ky., 11; Cases Explained, Lexington Ry. Co. v. Cozine, 23 R., 1137; Ry. Co. v. Shields, 47 Ohio St., 387.

OPINION OF THE COURT BY JUDGE O'REAR—AFFIRMING.

The foreman of a switching crew in appellee's yard, at Louisville, found a torpedo among some rubbish in a tool box on the switch engine. As a prank he placed it on the rail in front of one of the driving wheels of the locomotive,

which, passing over the torpedo, exploded it, a fragment striking appellant, a member of the crew, and injuring his leg. It is conceded that the switching crew had no occasion to use torpedoes in their work, and that the use of the one causing the injury named was entirely without the line of the foreman's duty. In this suit by the injured switchman to recover of the master (appellee) damages for the injury, the circuit court peremptorily instructed the jury to find for appellee.

The reason the master is liable for the act of his servant at all is because the servant is acting in that matter in the master's stead and for him. Obviously, if the servant is not acting for the master, he can not be said to be his representative in that act. So, if the servant is charged by the master with the authority to act in his stead in a given matter, the servant's action, or his failure to act, as the case may be, is imputed to the master as if it were his own. This general doctrine must be too well known to require now the citation of authority to support it. But where the servant steps aside from his employment and assumes to act, and does act, solely on his own account, in a matter which the master has no more connection with than if he were the most complete stranger, it would not be logical or fair to make the master vicariously suffer for it. For in doing that act the servant, so called, was absolutely his own master. Cousins v. Hannibal, etc., R. R. Co., 66 Mo., 572. Or, as it was expressed by Mitchell, J., in Morier v. St. Paul, etc., R. R. Co., 31 Minn., 351, 17 N. W., 952, 47 Am. Rep., 793 (quoted with approval in Davis v. Houghtellin, 33 Neb., 582, 50 N. W., 765, 14 L. R. A., 737): "In determining whether a particular act is done in the course of the servant's employment, it is proper to inquire whether the servant was at the time engaged in serving his mas-

ter.  If the act be done while the servant is at liberty from the service, and pursuing his own ends exclusively, the master is not responsible.  If the servant was, at the time the injury was inflicted, acting for himself and as his own master pro tempore, the master is not liable.  If the servant step aside from his master's business, for however short a time, to do an act not connected with such business, the relation of master and servant is for the time suspended."

In Smith v. N. Y., etc., R. Co., 78 Hun, 524, 29 N. Y. Supp. 540, the master was held not liable for the act of its station agent in placing a torpedo upon its railway track by the agent for his own amusement, and not for the purpose of signaling a train, whereby a third person was injured.  Marion v. Chicago, etc., R. R. Co. (Iowa), 13 N. W., 415, 44 Am. Rep., 687; Croft v. Alison, 4 B. & Ald., 590.

This court, in Smith v. L. & N. R., R. Co., 95 Ky., 11, 15 R., 390, 23 S. W., 652, 22 L. R. A., 72, held that, where the servant acts for his master and in furtherance of his master's business intrusted to him, the master is liable for his excessive act, or tort; but that if the servant in the act was acting for himself, to gratify some personal purpose, and independent of any duty to or business of his master, the latter would not be liable.  A distinction is made where the person injured is a passenger, under the peculiar and high obligation of the carrier to transport him in safety.

In argument it is rather admitted that the foreman, in placing the torpedo on the track, was acting outside of his employment, and for that act appellee was not responsible; but, it is argued, for the failure of the foreman to remove the torpedo which he knew was on the track, and almost certain to explode, and possibly do injury, the master is liable.  While the argument is specious, its application is

not practical. The act of the foreman in placing and leaving the torpedo on the track was one continuing act, having in view but one object, namely, the explosion of the torpedo, that its noise might frighten the engineer or fireman. It is not possible to segregate this one continuous act so that it could be said that in part of it the servant was acting for himself and in another part he was acting for his master. In truth it was conceived, set in motion, and consummated in furtherance alone of the servant's own purpose, entirely disconnected from any duty whatever imposed by his employment.

The case of Railway Co. v. Shields, 47 Ohio St., 387, 24 N. E., 658, 8 L. R. A., 464, 21 Am. St. Rep., 840, is relied on. In that case some trainmen placed a torpedo on the track in front of a portion of their train, intending to frighten some ladies by its explosion when the cars passed over it. However, it failed to explode. The trainmen negligently left it there, exposed, at a place where small children were in the habit of passing. Later a child found it, was attracted by its appearance, and exploded it, to his injury. The railway company was held liable, because it was said that the servant (the conductor of the train) was charged with safely keeping the dangerous implements of the master committed to his care in the discharge of the master's business. This doctrine, carried to its full logical result, would mean that any injury done by a servant with the master's property in the servant's care would bind the master. As, for example, a brakeman on a railroad train who would assault a stranger with a coupling pin in use about his train. Or, if the fireman on an engine should purposely and maliciously throw a lump of coal at some one, a stranger, standing beside the roadway, and injure him. Of if, in the case at bar, the foreman had for fun

thrown the torpedo at appellant and injured him. The best-considered and most numerous authorities do not draw the line at whether the servant is using his master's property when inflicting the injury in question, but whether he is then representing the master in the act and in the scope of his employment.

The judgment of the circuit court is affirmed.

Petition for rehearing by appellant overruled.