CASE 80.—ACTION BY JOHN BALLARD'S ADMINISTRATRIX AGAINST THE LOUISVILLE & NASHVILLE R. R. CO. FOR CAUSING THE DEATH OF PLAINTIFF'S INTESTATE.—May 7.

## Ballard's Admx. v. Louisville & Nashville R. R. Co.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

Judgment on demurrer for defendant, plaintiff appeals—Affirmed.

1.  Master and Servant—Duty to Employ Competent Servants— Acts Done Outside Scope of Employment.—While a master owes the duty to a servant to exercise ordinary care in selecting competent fellow servants for him, he is not liable where

an apprentice in a machine shop, intending to play a prank, took a compressed air hose not committed to his use, but which is a harmless implement when properly employed, and turned it upon a fellow servant, causing his death, though the apprentice had been retained in the employ with knowledge that he was in the habit of turning the hose on other boys as a prank.

2. Same—Duty to Guard Dangerous Agency.—A compressed air hose used in a machine shop to blow away filings or cuttings is not a dangerous agency which must be guarded by a master to prevent its being used by unfit employes.

LEWIS B. HERRINGTON and SMITH & SMITH for appellant.

## POINTS AND AUTHORITIES.

1. Duty of master to minor employe.

2. Do the facts alleged in plaintiff's petition show that the place where the deceased was required to work, was unsafe and the employes associated with him reckless incompetent and unfit?

3. Rule when the dangerous condition is due to the act of a third person, fellow servant, or to the operation of some abnormal physical force.

We submit that it is a primary absolute and non-assignable duty of a master to see that the place where his servant is required to work, the tools and appliances used, the employes associated with him, and the conditions surrounding him, are reasonably safe, and this obligation rests with more force upon the master when the servant is an infant.

## AUTHORITIES CITED.

Thompson's Commentary on Negligence, c. 108, 109, 110, 2nd Ed., vol. 4, pp. 133-277; Brown v. Levy, &c., 108 Ky., 163; Chicago & G. E. R. R. Co. v. Harney, 28 Ind., 28; (92 Am. Dec., 282) Ohio M. R. Co. v. Collam, 73 Ind., 261 (38 Am Rep., 134); Norfolk & W. R. Co. v. Nichols,. 91 Va., 193; Angel v. Jellico Coal Mining Co., 25 Ky. Law Rep., 108, (74 S. W., 714); Tradewater Coal Co. v. Johnson, 24 Ky. Law Rep., 1777, (72 S. W., 274); Peter J. Melcher Steam Stone Works v. Green, 25 Ky. Law Rep., 946, (76 S. W., 844); Galloway v. Chicago, Milwaukee & St. Paul R. R. Co., 23 L. R. A., 442; Texas & P. R. Co. v. Hoper First Texas Civil Appeals, 36; Burnes v. Kansas City, Fort S. & M. R. Co., 129 Mo., 41; Galveston & H. S. R. R. Co. v. Currie, 96 S. W., 1073.

BENJAMIN D. WARFIELD for appellee.

JOHN T. SHELBY of counsel.

POINTS DISCUSSED AND AUTHORITIES CITED.

1. Authorities relied on by appellant analyzed and shown to be entirely dissimilar to this case.

(a) They are either cases in which the servant who did the injury sued for was engaged in the service of the master, and doing his work, at the time, and where the doctrine of respondeat superior applied; or (b) were cases where persons not in the employment of the defendant, but who were lawfully on defendant's promises at the time, were injured through the negligence of the carrier or its servants. (Galloway v. C. M. & St. P. R. Co., 23 L. R. A., 442; Snow v. Fitchburg R. Co., 136 Mass., 552; 49 Am. Rep., 40; Williams v. L. & N. R. Co., 98 Ky., 247; Muster v. C. M. & St. P. R. Co., 18 A & E. R. Cases, 113; Galveston, &c. R. Co. v. Currie, 96 S. W., 1073.)

2. There is no averment that Hodge, the apprentice who is alleged to have turned the air hose against Ballard, another apprentice, was required or expected to use the air hose in performing his work for appellee, and it must be assumed, therefore, that he was not entrusted by the master with the use of that appliance. Furthermore, the petition does not allege that Hodge's alleged reckless habits were unknown to decedent, or that he ever complained to the master of Hodge's habits. (Galveston &c. R. Co. v. Davis, 92 Texas, 372; 48 S. W. 470; 4 Thompson's Commentaries on the Law of Negligence, 4052, 4714, 4884; Smith v. Sibley Mfg. Co., 11 S. E., 616; Labatt on Master & Servant, 177; Smith v. R. Co., 151 Mo., 391, 52 S. W., 378.)

3. On the proposition that appellee is not liable for the reason that Hodge, when he turned the air hose on Ballard, was not performing the master's service, but had stepped aside from his work, and was acting for himself, exclusively, and not for the master in doing that which caused Ballard's death, and that therefore the doctrine of respondeat superior does not apply, and appellee is not liable for Hodge's act, see the cases cited in our original brief, to-wit: (Sullivan v. L. & N. R. Co., 115 Ky., 447; L. & N. R. Co. v. Routt, 25 Ky. Law Rep., 887; G. H. & S. A. R. Co. v. Currie, et al., 96 S. W., 1073; L. H. & St. L. R. Co. v. Harvey, 144 Fed., 806)

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Appellant, as administratrix of John Ballard, instituted this action to recover against the Louisville & Nashville Railroad Company for the death of her intestate. The circuit court sustained a demurrer to the petition, and she appeals.

The facts set up in the petition are these: John Ballard was an apprentice in the defendant's machine shop at Corbin, Ky. He was an infant, and had been in the shop only three days. There was another apprentice in the shop whose name was Hodge. While Ballard was engaged in his duties Hodge slipped up behind him with a compressed air hose, and turned the high pressure of air from the hose into Ballard's rectum, the air entering his bowels and rupturing them in such a way that he died shortly afterwards. Hodge had been serving his apprenticeship in the shop for about two years. He turned the air hose on Ballard as a prank. The superintendent of the shop, under whom both Hodge and Ballard worked, had knowingly permitted Hodge and the other apprentice boys in the shop to use this hose in a dangerous manner. The defendant knew that the hose was a dangerous appliance. Hodge had been using the compressed air hose in a playful manner while on duty with the defendant for some time prior to Ballard's death. The defendant knew this, and permitted it without warning, restraining, or discharging Hodge. Hodge was a careless, reckless, and stupid boy, and utterly unfit to be working around or handling this dangerous air hose, or dangerous compressed air. The defendant knew this, or could have known it by the

exercise of ordinary care. The defendant, knowing of the careless, reckless, and dangerous disposition of Hodge, and knowing of his conduct in connection with the use of the dangerous compressed air, negligently retained him in its employ, and negligently failed to exercise proper and reasonable supervision over his acts and conduct while in defendant's services, and negligently exposed John Ballard to the dangers and hazards of working with this reckless, unsafe, and unfit servant, dangers which were unknown to Ballard, and from which he lost his life.

In Sullivan v. L. & N. R. R. Company, 115 Ky. 447, 25 Ky. Law Rep. 1307, 74 S. W. 171, 103 Am. St. Rep. 330, the foreman of a switching crew as a prank put a torpedo on the track in front of the engine to alarm one of the hands working with him. The torpedo went off, and a piece of it struck the man in the leg. He sued the railroad to recover damages. It was held that as the foreman was discharging no duty to the master in placing the torpedo on the track, but was merely playing a prank on one of the men working with him, the master was not responsible for the acts of the servant not done in his service. In L. & N. R. R. Company v. Routt, 76 S. W. 513, 25 Ky. Law Rep. 887, the fireman on a locomotive intentionally threw a lump of coal at the plaintiff, who was standing on the side of the track, intending to hit him with the coal. In thus throwing the coal he was discharging no duty which he owed to the master, and it was held that the railroad company was not answerable. In Railroad Company v. Cooper, 88 Tex. 607, 32 S. W. 517, the engineer and fireman intended to play a practical joke on Cooper by injecting water into his pockets through a hose, and by mistake turned on hot water and steam. He was badly burned, and brought suit

against the railroad to recover for his injuries. It was held that he could not recover. In Galveston, etc., Railroad v. Currie, 96 S. W. 1073, 10 L. R. A. (N. S.) 367, the Supreme Court of Texas had before it a case very similar to this. In that case the foreman of the shop, who had a crew of men under him, as a prank, turned the air hose on one of the men, and, when he jumped, turned it on another. No bad effect was seen at the time, but subsequently the man died from the air having entered the rectum and ruptured the bowels. In that case the only physician who was examined as a witness testified that he had not believed such a thing could be possible, and that it was the most remarkable accident of which he had ever heard. It was there held that the master was not responsible for the servant's prank.

It is earnestly insisted, however, that this case differs from all of those cited in this: that it is alleged here that Hodge was a careless, reckless, and stupid boy, utterly unfit to handle the air hose; and that the defendant knew of his incapacity and knew that he was in the habit of using the hose in a playful, improper, and reckless manner. Ballard and Hodge were fellow servants. The master is responsible only for the acts of the servant within the scope of his employment. The master must exercise ordinary care in the selection of his servants and if he fails to exercise such care, and one of the servants is injured by the incapacity of another servant, the master is liable, but the incapacity of the fellow servant must relate to the duties required of him by the master. If the fellow servant is entirely competent to discharge the duties assigned him by the master, and he should, without authority from the master, undertake to do things beyond the scope of his em-

ployment, the master would not be liable for his negligence in these matters on the ground that he was not a suitable person for that service. Boys are employed as apprentices in all shops, and yet there are in all shops many duties that may not safely be intrusted to these boys, and, if a boy should involuntarily leave the scope of the duty assigned him by the master without authority, the master would not be liable to a fellow servant who was injured by reason of his incapacity to do the work which he had thus wrongfully assumed. It is not shown in the petition that the use of the air hose was part of Hodge's duty. The fair inference from the petition is that Hodge only used the air hose to play pranks. If he had used the water hose supposing that he was turning on cold water, and had, in fact, turned on hot water, thus burning Ballard, manifestly the railroad would not be answerable simply because the hot water was a dangerous agency, and it had retained Hodge in its employment knowing that he was in the habit of turning the hose on the other boys as a prank. Compressed air is used in all shops to blow away the filings or cuttings, so that the progress made by the tool may be seen. It is ordinarily entirely harmless. If turned on a person at any other point than near the rectum, it simply stings a little; and that the air, when striking near the rectum, would go through the clothes and into the rectum to such an extent as to rupture the bowels, would perhaps never occur to any one who had not heard of the possibility of such an accident. Compressed air is no more dangerous than the tools ordinarily furnished to the men to work with in shops. One apprentice might hurt another with his hammer or with a piece of iron in playing a prank on him. No shop can be conducted without agencies that are more

or less dangerous when improperly used, and the master is not responsible if an apprentice gets hold of some tool not committed to him, and uses it in a way to hurt another in playing a prank on him, unless the danger was so imminent that a person of ordinary prudence would have guarded against it. Dangerous instrumentalities like nitroglycerine or dynamite must be carefully kept, and should not be put where ignorant or reckless persons may injure others with them, but a compressed air hose is not a deadly thing, and the same rule that would apply to a dynamite cartridge or package of nitroglycerine cannot be applied to it. An air hose is as common a tool in a shop as a lathe or furnace, and there are in nearly all shops apprentices; nor is it uncommon that apprentices play pranks on one another.

The sum of all the facts alleged is about this: That Hodge, in using an air hose as a prank on Ballard, caused his death, when there was nothing in the appearance of the thing to suggest danger to him or to Ballard, and when, in so doing, he was discharging no duty to the defendant. When the master has selected fellow servants competent to discharge the duties assigned to them, he is not responsible for an injury which they may do in a prank outside of their duties, unless they use an instrument that was dangerous, and the master, with knowledge of the deadly character of the thing, has failed to exercise such care as a man of ordinary prudence would exercise in keeping it so that it would not do injury. The master in selecting his servants is not required to take into consideration the pranks one servant may play on his fellow outside of the scope of his duties. The master has no right to control his servant outside of his service as to the pranks he may play on his fellows. As to these, the

master is under no greater responsibility to the fellow servants than to a stranger. If Ballard had not been in the service of the railroad company, it would hardly be maintained that the company would be responsible to him on the facts alleged. Dangerous agencies must not be intrusted to unfit hands, and proper care must be exercised to·protect others from them. But the duty to guard a dangerous agency, in the sense in which the terms are used in the rule referred to, does not extend to such a thing as an air hose on the facts shown. An air hose is an instrument so familiar and usually so harmless that we do not see how this principle can be applied to it.

Judgment affirmed.

NUNN, J., (dissenting). The question in this case is not whether Hodge was acting in the service of the company at the moment he killed John Ballard, or whether he was assigned to use the compressed air hose, the instrument that produced Ballard's death. The law is the master is required to furnish the servant a reasonably safe place to work and reasonably safe tools and appliances and reasonably careful servants to work with. It is alleged in the petition that Hodge was not a careful person, but, on the contrary, was a reckless and dangerous person; that he possessed such habits for a long time, and the defendant knew that he was a reckless and dangerous person, and kept him in its employment with that knowledge, and failed to warn the plaintiff's intestate of his dangerous character, and by reason thereof his intestate lost his life. The gravamen of the charge is that the defendant owed deceased the duty to furnish him a reasonably safe person with whom to labor, but, on the contrary, the master knowingly furnished him a

reckless and dangerous servant to work with, and by reason thereof the deceased lost his life. And the truth of this is admitted by the demurrer. In my opinion a cause of action was stated in the petition. The court in its opinion, notwithstanding it was alleged in the petition that this compressed air hose was a dangerous instrument and the defendant knew that fact, which was admitted to be true by the demurrer, says that it seems inconceivable that if such an instrument was dangerous that defendant could have known it, that but one instance of such an injury has been recorded, and that was Curry referred to in the Texas case cited in the opinion. It is possible that other injuries of the kind may have occurred and defendant heard of them as well as Curry's injury, but this is a question of evidence with which the court has nothing to do. The only question involved on this appeal was whether a cause of action was stated in the petition. In my opinion, if it had been alleged and proven in the cases cited in the opinion that the persons who threw the lump of coal, placed the torpedo upon the track, and played pranks with the compressed air hose had been doing so for a long period of time, making it dangerous to their fellow servants, and that the defendant in each case knew of the fact and failed to discharge them and the persons injured had been placed to work with them without any warning of the character of persons they were placed with, the results in the cases would have been different.

For these reasons, I dissent from the opinion of the court.