CONLY ROBINSON v. MELVILLE MANUFACTURING COMPANY.

(Filed 6 May, 1914.)

1. **Master and Servant—Negligence—Injury—Reasonable Anticipation.**

   Where an employer has negligently left a dangerous appliance under conditions likely to inflict an injury on his employee while engaged in his work, and consequently one of them is injured by another who has not been informed or instructed as to its dangerous character, he is held responsible in damages therefor, though he may not have anticipated that an injury of the precise nature of the one occurring would have been likely to result.

2. **Same—Safe Place to Work—Dangerous Appliances—Trials.**

   The plaintiff cotton mill kept in its factory an air hose highly charged with compressed air and used to clean its machines by one of its employees, 15 or 16 years of age, without impressing its dangerous character upon him. This hose was left connected with the power furnishing the compressed air, upon the floor, without being guarded, when it could have been detached and locked up or more safely placed, and in the boyish spirit of fun, the employee whose duty it was to use it turned it upon his coemployee, a smaller boy, to the latter's serious injury: *Held,* it being the duty of the master to furnish his employees a safe place to work, his negligence in respect to the hose was actionable, and not the result of an accident or act not reasonably to have been anticipated. In this case the statute forbidding employment of minors under 16 years of age is inapplicable, as it was passed after the occurrence of the negligent act complained of. Laws 1913, ch. 64, sec. 63.

Appeal by plaintiff from *Harding, J.,* at December Term, 1913, of Gaston.

*Mangum & Woltz and O. Max Gardner for plaintiff.*
*Davis & Davis and O. F. Mason for defendant.*

CLARK, C. J. The plaintiff, a boy of 14, was employed as a "doffer" in the cotton mill at Cherryville, N. C. At night, on 8 May, 1913, while engaged in doffing, he stooped over to pick up empty bobbins, whereupon Tom Carpenter, a youth of 15 or 16 years of age and a coemployee in the same mill, slipped up behind him, as he was in a stooped position, and, placing the nozzle of a rubber hose carrying compressed air at a pressure of 120 pounds to the square inch near the rectum of the plaintiff, pressed the valve on the end of the nozzle and thus released the compressed air, which entered his rectum with force sufficient to cause plaintiff to drop to the floor in great pain, with his intestines and lower extremities permanently torn, ruptured and mangled. The said compressed air was generated in defendant's mill and used by means of a rubber hose and nozzle to clean the machines in the mill.

It appeared in the evidence that the air hose, highly charged with compressed air, was used at certain intervals, but when not in use the hose was allowed to lie upon the floor, and no effort was made to guard or confine it. It was attached to a pipe in the wall, from which it could be readily unscrewed and reattached with ease.

In view of the terrible power of compressed air and the natural tendency of boys at the age of these to use a dangerous implement of this kind without taking thought of the damage which might be inflicted, the duty of the employer to give the plaintiff a safe place to work required that the hose should be detached when not in use, or at least that there should be some receptacle for it in which it could be locked up under the care of one of the bosses or other person of mature age, and not allowed to lie upon the floor, to be grasped and used by any thoughtless person on the impulse of the moment, with the terrible consequences which resulted in this case. The capacity for harm from such an implement lying ready to hand is apparent from the lasting damage and the great pain inflicted upon the plaintiff in this case.

The negligence was as great certainly as that of leaving cog-wheels or other gearing unboxed (*Creech v. Cotton Mills,* 135 N. C., 680), or not having nuts on revolving machinery counter-sunk, both of which are now considered to be negligence. Dynamite is often used, and is harmless if not tampered with. But it would surely be negligence to leave it lying on the floor where any·ignorant or thoughtless person might cause it to explode with fatal consequences to his coemployee.

This is not the case of an accident, "which is an event from an unknown cause or an unusual or unexpected event from a known cause—chance casualty." *Crutchfield v. R. R.,* 76 N. C., 322. In *Martin v. Manufacturing Co.,* 128 N. C., 264, it is said: "Injuries resulting from events taking place without one's foresight or expectation, or an event which proceeds from an unknown cause, or·is an unusual effect of a known cause, and therefore not expected, must be borne by the unfortunate sufferer." In that case a fragment of steel flew from a hammer and struck the plaintiff in the eye. That was clearly a mere accident, for which the employer could not be held liable.

Here, the negligence of the defendant consisted in leaving an instrument of great power, capable of inflicting most serious injury, lying upon the floor without any supervision, or being detached from the wall, which could easily·have been done until it was needed for use. It is true that Tom Carpenter, who inflicted the injury, used the apparatus for cleaning the machinery; but it does not appear that he was warned as to the great danger of using it in other ways, and if he had been, this accident would hardly have occurred. If the hose had been habitually detached and put away when not in use, this of itself would have been some notice to him of its dangerous capacity.

The defendant cannot be heard to say that the injury could not have reasonably been anticipated. In *Hudson v. R. R.,* 142 N. C., 198, *Hoke, J.,* says: "In order that a party may be liable for negligence, it is not necessary that he could have anticipated or even been able to anticipate the particular consequences which ensued or the precise injuries sustained by the plaintiff. It is sufficient if by exercise of reasonable care

165—32

the defendant might have foreseen that some injury would result from this act of omission, or that consequences of such an injurious nature might have been expected." The defendant might not anticipate that the plaintiff would be injured in the precise manner in which he was, but there was power in this dangerous agency of compressed air sufficient to paralyze the plaintiff's speech if the air hose had been aimed at his mouth, destroyed his eyesight if shot at his eyes, or caused deafness if propelled into his ears.

To the same purport is the discussion of *Walker, J.,* in *Drum v. Miller,* 135 N. C., 204. Indeed, the responsibility of the defendant in this case comes under the third head of the citation in that case from Pollock on Torts, 14: "An act or omission causing harm which the person so acting or omitting did not intend to cause, but might and should with due diligence have foreseen and prevented."

There was evidence sufficient to go to the jury of negligence on the part of the defendant in permitting an agency of this dangerous power to lie unguarded on the floor, when it could have been so easily detached, or, if not detached, could have been stowed away, without any evidence of warning given to Tom Carpenter as to its possible effect nor of supervision exercised over him by some one of maturer age and better judgment.

Laws 1913, ch. 64, sec. 63, providing, "No child under 16 years of age shall be employed to work at night," etc., does not apply, as that act did not become operative till 1 January, 1914, and therefore the defendant was not guilty of negligence *per se* in the employment of the plaintiff (*Leathers v. Tobacco Co.,* 144 N. C., 330), but it was competent to show that the plaintiff was working in the factory without the consent of his father. *Fitzgerald v. Furniture Co.,* 131 N. C., 636.

The judgment of nonsuit must be set aside and

Reversed.