# Third District Court of Appeal

## State of Florida

Opinion filed June 25, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2073
Lower Tribunal No. 23-4625-CA-01
_____


**Fu Jing Wu, etc.,**
Appellant,

vs.

**Chun Liu, etc.,**
Appellee.


An Appeal from a non-final order of the Circuit Court for Miami-Dade County, Thomas J. Rebull, Judge.

Barakat + Bossa, PLLC, Brian Barakat, Jocelyne A. Macelloni, and Matthew Akiba, for appellant.

Read Law, PLLC, Alexis S. Read, Phang & Feldman, P.A., Jonathan S. Feldman, Barry S. Turner, P.A., and Barry S. Turner, for appellee.


Before SCALES, MILLER, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See Running Cars, LLC v. Miller, 333 So. 3d 1177, 1179 (Fla. 1st DCA 2022) (alteration omitted) (quoting Ibis Lakes Homeowners Ass'n, Inc. v. Ibis Isle Homeowners Ass'n, Inc., 102 So. 3d 722, 731 (Fla. 4th DCA 2012)) ("In determining whether a party waived its right to arbitrate, the essential question is whether, under the totality of the circumstances, the defaulting party has acted inconsistently with the arbitration right."); Chaikin v. Parker Waichman LLP, 253 So. 3d 640, 645 (Fla. 2d DCA 2017) (alteration omitted) (quoting Gen. Elec. Cap. Corp. v. Bio-Mass Tech, Inc., 136 So. 3d 698, 701 (Fla. 2d DCA 2014)) ("A party acts inconsistently with the right to arbitration when the party actively participates in the lawsuit by either prosecuting or defending issues that are subject to arbitration."); Est. of Orlanis ex rel. Marks v. Oakwood Terrace Skilled Nursing and Rehab. Ctr., 971 So. 2d 811, 813 (Fla. 3d DCA 2007) (internal alterations and quotations omitted) ("[I]t is crystal clear in this district that we apply the broad rule that any defendant who seeks the benefits of the discovery rules prior to filing his motion to arbitrate[] forfeits his right to arbitration."); Green Tree Servicing, LLC v. McLeod, 15 So. 3d 682, 694 (Fla. 2d DCA 2009) (holding party waived its arbitration rights by participating in discovery on the merits, including several requests for production and sets of interrogatories); see also Crowder v. Wolary, 198 So. 9, 12 (Fla. 1940) ("[L]arger powers cannot be

2

imputed to an agent than the principal himself possesses."); <u>Stalley v. Transitional Hosps. Corp. of Tampa, Inc.</u>, 44 So. 3d 627, 630 (Fla. 2d DCA 2010) ("[T]he scope of the agent's authority is limited to what the principal has authorized the agent to do."); <u>Ahmed v. Hamilton Ins. DAC</u>, No. 3D23-1483, 2025 WL 1119168, at *3 (Fla. 3d DCA Apr. 16, 2025) (internal quotations and footnote omitted) ("Even accepting as true Ahmed's allegations that he directly benefits from some provisions in a special form, this is insufficient because the Policy as a whole does not manifest intent to primarily and directly benefit Ahmed. Under Florida law, a third party is an intended beneficiary of a contract between two other parties only if a direct and primary object of the contracting parties was to confer a benefit on the third party."); <u>Germann v. Age Inst. of Fla., Inc.</u>, 912 So. 2d 590, 591 (Fla. 2d DCA 2005) (holding estate could not be compelled to arbitrate as third-party beneficiary where agreements were not executed primarily for decedent's benefit).