IN THE COURT OF APPEALS

FILED

February 5, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

WANDA SHARP, Individually and as )   ANDERSON CIRCUIT
Mother and Next Friend of           )   C. A. NO. 03A01-9508-CV-00282
JOSEPH RIGGS,                       )
                                    )
        Plaintiffs-Appellants       )
                                    )
                                    )
                                    )
                                    )
                                    )
vs.                                 )   HON. JAMES B. SCOTT, JR.
                                    )   JUDGE
                                    )
                                    )
                                    )
                                    )
                                    )
ANDERSON COUNTY and ANDERSON        )   AFFIRMED AND REMANDED
SCHOOL BOARD OF EDUCATION,          )
        Defendants-Appellees        )


GLENN R. WALTER, Kramer, Rayson, Leake, Rodgers & Morgan, Knox-ville, for appellant.


MARTIN L. ELLIS and VONDA M LAUGHLIN, Butler, Vines & Babb, Knoxville, for appellees.


O P I N I O N


                                        McMurray, J.

This is an appeal from a judgment granting a motion for summary judgment in favor of the defendants-appellees and dismissing the plaintiffs' complaint. We affirm the judgment of the trial court.

This action was instituted under the provisions of the Governmental Tort Liability Act, T.C.A. § 29-20-103, et seq. The plaintiffs alleged that the plaintiff, Joseph Riggs, a minor, was a student at Clinton High School and was injured while engaged in "horseplay" with another student. They further alleged Mr. Frank Fragomeni, a teacher, was negligent in actively instigating, encouraging and inciting a dangerous activity (horseplay) which he knew or should have known would lead to serious injury. The plaintiffs further charged the defendants with negligence in failing to adequately monitor the activities of teachers regarding enforcement of school rules.

The defendants filed an answer in which they alleged, inter alia, immunity, assumption of risk, and comparative fault. They further alleged that the proximate cause of the injury was the negligence of the minor plaintiff. Subsequent to their answer, the defendants, pursuant to Rule 56, T.R.C.P., filed a motion for summary judgment on the grounds that there was no genuine issue of a material fact. In support thereof, the defendants relied upon the depositions of Frank Fragomeni and Joseph Riggs. They further filed the affidavits of Scott Eugene Daugherty, Justin William

2

Howard and Bradley Aaron Hackney, all students at Clinton High School and witnesses to the incident in question.

The plaintiffs filed a response to the defendants' motion for summary judgment relying upon the testimony attached to the defendants' motion and the affidavit of Joseph Riggs.

## STANDARD OF REVIEW

The standards governing an appellate court's review of a trial court's action on a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. Cowden v. Sovran Bank/Central South, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, Byrd v. Hall, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. Anderson v. Standard Register Co., 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. Downen v. Allstate Ins. Co., 811 S.W.2d 523, 524 (Tenn. 1991).

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. Byrd, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. Id.

Carvell v. Bottoms, 900 S.W.2d 23 (Tenn. 1995).

3

## THE FACTS

There are no disputed facts as to the way and manner in which the accident happened. The minor plaintiff (age 16 at the time of the accident) was a member of Mr. Fragomeni's Health and Physical Education class. Immediately prior to the minor plaintiff's injury, the class in which the minor plaintiff was a member broke for lunch and the students went outside. Approximately seven of the male members of the class began to engage in horseplay. The horseplay began to get rough at which time Mr. Fragomeni ordered the students to stop. All did except for the minor plaintiff. Either the plaintiff jumped on the back of another and larger student or the plaintiff tackled the larger student at the legs.[1] The two fell back and the minor plaintiff's arm was broken.

The plaintiff freely admits that he was engaged in horseplay but denies that Mr. Fragomeni told them to stop. Additionally he asserts that Mr. Fragomeni encouraged the horseplay. Mr. Fragamini denies that he did so. The plaintiff disagrees asserting that Mr. Fragomeni stated: "go get him Joe," and "Joe's the top dog in his class." These are the only facts in dispute.

---

[1]We do not consider this to be a material fact. According to the minor plaintiff's version, he tackled the larger student by the legs. In his deposition he stated:

> " I picked him up and run back with him and I was going to dump him. When I felt his weight shift, I let go of him to break my fall, that's all I remember."

4

In his deposition, the plaintiff was asked the following questions and gave the following answers:

Q. When does the comment —When did Coach Fragomeni say, "It looks like Joe's the top dog in class," before you grabbed Chris?

A. When I was walking toward Chris to grab him.

Q. Okay.

A. When I grabbed him, I picked him up. You know, when I was walking toward Chris to grab him, he said it, then right after he got through saying it, I grabbed Chris and picked him up.

Q. Are you telling me that you were not going to pick up Chris?

A. Yes, I was picking Chris up.

Q. So it didn't matter what Coach Fragomeni said one way or the other; is that right?

A. Yes.

Q. No matter what the coach said or didn't say, you were going to pick up Chris.

A. Yes.

In ruling on a motion for summary judgment, the trial court and this court are required to view all the evidence in a light most favorable to the non-moving party. The issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial. Byrd v. Hall, supra, at 214.

5

A disputed fact is _material_ if it must be decided in order to resolve the substantive claim or defense at which the motion is directed. _Byrd_, at 215.

> The standard of care for teachers and school officials is well stated in the case of _King by King v. Kartanson_, 720 S.W.2d 65 (Tenn. App. 1986). In that case two teachers had been found guilty of negligence in allowing a 13-year-old student, under their care, to cross a street unsupervised. The boy was struck by a car in so doing. On appeal the case was reversed and, in doing so, the court said:

> > Teachers in local school districts are not expected to be insurers of the safety of students while they are at school. _Roberts v. Robertson County Board of Education_, 692 S.W.2d 863 (Tenn. App. 1985). The standard of care is that of reasonable and ordinary care under the circumstances. _Hawkins County v. Davis_, 216 Tenn. 262, 391 S.W.2d 658 (1965). This standard of care varies according to the nature of the persons to whom the duty is owed and the circumstances under which the parties find themselves. _Roberts v. Robertson County Board of Education_, 692 S.W.2d 863 (Tenn. App. 1985). The extent to which a teacher must supervise the activities of his or her students must be determined with reference to the age and inexperience of the students, their maturity, and the dangers to which they may be exposed. _Townsley v. Yellow Cab Company_, 145 Tenn. 91, 237 S.W. 58 (1922).

_Goedeke, et al v. Carter, et al_, (Tenn. App. opinion filed March 17, 1989).

In our view, judged under the above rules of law, the "disputed facts" set out above are not "material" facts which would render summary judgment inappropriate. Clearly from the testimony of the plaintiff, neither actions or inactions of Mr. Fragomeni led to the injury. Additionally tested under the standards under which a directed verdict or JNOV is appropriate, we are of the opinion

6

that reasonable minds could not differ as to apportionment of fault to the extent that the plaintiff was at least fifty percent at fault and thus barred from recovery. <u>See</u> <u>Eaton v. McClain</u>, 891 S.W.2d 587 (Tenn. 1994).

The plaintiffs further argue that the teacher was negligent in that he violated school rules or policy. While it is established that the school had a "hands off" policy, it is not clear whether the "hands off" refers to student to student or teacher to student. In any event, however, we must decide if a violation of a school rule or policy by a teacher constitutes actionable negligence. We hold that it does not.

> [This] court addressed the issue of the creation of liability by virtue of requirements of company rules in the case of <u>Epstein, Henning & Co. v. Railway Co.</u>, 4 Tenn. App. 412 (1926). As pertinent here, the court quoted with approval as follows:

>> "Private rules of a master regulating the conduct of his servants in the management of his own business, although designed for the protection of others, stand on an entirely different footing from statutes and municipal ordinances designed for the protection of the public. The latter, as far as they go, fix the standard of duty toward those whom they were intended to protect, and a violation of them is negligence in law or per se. But a person cannot, by the adoption of private rules, fix the standard of his duty to others. That is fixed by law, either statutory or common. Such rules may require more, or they may require less, than the law requires; and whether a certain course of conduct is negligent! or the exercise of reasonable care, must be determined by the standard fixed by law, without regard to any private rules of the party."

Goedeke, supra.

In <u>Goedeke</u>, supra and in <u>Snider v. Snider</u>, 855 S.W.2d 588 (Tenn. App. 1983) the above rules were applied in actions against county school boards. Additionally we note that the courts in this state have consistently held that a violation of rules or other regulations promulgated to regulate "in house" conduct does not constitute negligence <u>per se</u>. <u>See</u>, <u>e.g</u>. <u>Nevill v. City of Tullahoma</u>, 756 S.W.2d 226 (Tenn. 1988) and <u>Rimer v. City of Collegedale</u>, 835 S.W.2d 22 (Tenn. App. 1992).

Under the prevailing law when applied to the undisputed facts and circumstances of this case we are of the opinion that summary judgment was appropriate. We affirm the judgment of the trial court.

Costs are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

_____
Don T. McMurray, J.

CONCUR:

_____
Herschel P. Franks, J.

_____

8

Clifford E. Sanders, Sr. Judge.

IN THE COURT OF APPEALS

| | | |
|---|---|---|
| WANDA SHARP, Individually and as | ) | ANDERSON CIRCUIT |
| Mother and Next Friend of | ) | C. A. NO. 03A01-9508-CV-00282 |
| JOSEPH RIGGS, | ) | |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | HON. JAMES B. SCOTT, JR. |
| | ) | JUDGE |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| ANDERSON COUNTY and ANDERSON | ) | AFFIRMED AND REMANDED |
| SCHOOL BOARD OF EDUCATION, | ) | |
| Defendants-Appellees | ) | |

## <u>ORDER</u>

This appeal came on to be heard upon the record from the Circuit Court of Anderson County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

The judgment of the trial court is affirmed. Costs are taxed to the appellant and this case is remanded to the trial court for the collection thereof.

PER CURIAM