# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### November 5, 2001 Session

## JANET HARPER, ET AL. v. KEITH D. CHURN, ET AL.

### Direct Appeal from the Circuit Court for Davidson County
#### No. 98C-3354    Hamilton V. Gayden, Jr., Judge

---

### No. M2000-02353-COA-R3-CV - Filed December 10, 2001

---

This is a personal injury case arising from a vehicular collision. The plaintiffs, the Harpers, and the defendants, Mr. Churn and Mr. Beard, along with several others, were traveling together in a rented vehicle at the time of the collision. Mr. Churn was the driver of the vehicle; Mr. Beard was the pastor of the parties' church. At trial, the Harpers asserted that Mr. Churn was negligent in his operation of the vehicle. Additionally, the Harpers claimed that Mr. Beard was vicariously liable for their injuries, or in the alternative, that Mr. Beard was liable under the theory of negligent entrustment. The trial court granted Mr. Beard's motion for a directed verdict, and the jury found in favor of Mr. Churn. The Harpers appeal both decisions. We affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

Terry R. Clayton, Nashville, Tennessee, for the appellants, Janet Harper and James Harper.

Alan M. Sowell, Nashville, Tennessee, for the appellee, Keith Churn.

Nancy W. Phillips, Nashville, Tennessee, for the appellee, Rodney Beard.

### OPINION

In the summer of 1998, a group primarily composed of church leaders from the Living Word Community Church in Davidson County, Tennessee traveled to Houston, Texas.[1] The group went

---

[1] The eight people who made the trip to Texas were James Harper, Janet Harper, Damon Harvey, Keith Churn, Rodney Beard, Charlene Beard, Allison Walker, and Tolena Starks. Mr. Beard was the pastor of the church. The others, except for Mr. Harvey, were leaders in the church. Mr. Harvey, Janet Harper's son, traveled to Houston for personal matters.

to Houston to meet with leaders of successful churches located in the area. The party hoped to collect ideas from the Houston churches that they could employ in the Davidson County church.

When the group arrived in Houston, they rented a Chevrolet Suburban to use as transportation. As the group searched for their hotel, the Suburban entered an intersection and collided with a tractor trailer. Keith Churn was driving the Suburban at the time of the accident. The collision caused the Suburban to turn over several times, and Janet Harper suffered several injuries.

Ms. Harper and her husband, James Harper, sued Mr. Churn and Rodney Beard to recover for her injuries. The Harpers asserted that Mr. Churn was negligent in his operation of the Suburban. The Harpers sued Mr. Beard under the theories of negligent entrustment and vicarious liability. Mr. Harper sought compensation for his loss of consortium.

The parties tried the case before a jury on June 26, 27, and 28, 2000. The Harpers asserted that Mr. Churn was negligent in his operation of the Suburban. Additionally, the Harpers contended that Mr. Beard was vicariously liable for Mr. Churn's acts, or in the alternative, was liable under the theory of negligent entrustment. At the close of the Harpers' case in chief, the trial court granted Mr. Beard's motion for a directed verdict. After the presentation of all the evidence, the jury found in favor of Mr. Churn. The trial court entered the corresponding judgment, and the Harpers filed a motion seeking a new trial. The trial court denied the Harpers' motion and this appeal followed.

The Harpers raise three issues for our review. These issues, as stated by the Harpers, are as follows:

I.  [Whether] the trial court erred by granting a directed verdict to Appellee, Rodney Beard.

II. [Whether] the jury's verdict was contrary to the weight of the evidence.

III. [Whether] the trial court erred by allowing counsel for Appellee, Keith Churn, to cross examine Damon Harvey regarding an incident that happen[ed] at the parties['] church two (2) months before the collision, as the testimony was irrelevant pursuant to Tennessee Rules of Evidence, Rule 401.

We will discuss the issues in reverse order. The Harpers argue that the trial court erred by permitting Mr. Churn to question Damon Harvey about an incident at the Living Word Community Church. Over the Harpers' objection, Mr. Harvey admitted that he "create[d] an incident in church one day, kick[ed] a lady in the mouth, [and] had to be tackled" by the elders of the church. Further, Mr. Harvey admitted that Mr. Churn, an elder of the church, was one of the people who took Mr. Harvey to the hospital after this incident. Following this exchange, Mr. Harvey stated that he regarded Mr. Churn as an untruthful person.

On direct examination, Mr. Harvey testified that Mr. Churn was not paying attention to his surroundings at the time of the collision. Additionally, Mr. Harvey testified that the traffic light

changed from yellow to red immediately prior to the collision. Thus, Mr. Harvey provided testimony that Mr. Churn ran through a red light when Mr. Churn collided with the tractor trailer.

The Harpers assert that questions regarding the incident at church involving Mr. Harvey were not relevant under Rule 401 of the Tennessee Rules of Evidence.[2] Additionally, the Harpers argue that the probative value of the evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Tenn. R. Evid. 403. Finally, the Harpers assert that the testimony was not admissible because it was a collateral issue that was used solely to contradict the witness.

We disagree with the Harpers' argument. The trial court properly allowed Mr. Churn to question Mr. Harvey about the incident that took place two months prior to the accident in Houston. Rule 616 of the Tennessee Rules of Evidence states that "[a] party may offer evidence by cross-examination, extrinsic evidence, or both, that a witness is biased in favor of or prejudiced against a party or another witness." Thus, this rule establishes that evidence of a witness's possible bias against a party is relevant for impeachment purposes. Further, this form of impeachment is not considered a collateral matter, as the rule specifically permits the introduction of extrinsic evidence. Tenn. R. Evid. 401; *State v. Williams*, 827 S.W.2d 804, 809 (Tenn. Crim. App. 1991); Neil P. Cohen et al., *Tennessee Law of Evidence* § 6.16[3][c] (4th ed. 2000).

In this case, the evidence establishes that Mr. Harvey could have maintained a biased opinion of Mr. Churn. The evidence illustrates that Mr. Harvey and Mr. Churn have had a previous encounter that might influence the course of Mr. Harvey's testimony. As the encounter might have led Mr. Harvey to be prejudiced against Mr. Churn, it was proper for the jury to hear this testimony. Therefore, we conclude that the trial court did not err in permitting Mr. Churn's cross-examination of Mr. Harvey regarding the incident at the Living Word Community Church.

In the Harpers' second issue, they assert that the jury verdict was contrary to the weight of the evidence. Because this appeal results from a jury trial, our review is limited to a determination of whether there is material evidence to support the jury's verdict. Tenn. R. App. P. 13 (d); *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994). If material evidence exists to support the jury's verdict, the corresponding judgment will not be disturbed on appeal. *Reynolds*, 887 S.W.2d at 823. Further, on an appeal from a jury verdict, we do not determine the credibility of witnesses or weigh the evidence. *Id.*

At trial, the parties offered conflicting testimony regarding the color of the traffic light as Mr. Churn approached the intersection. Witnesses for Mr. Churn stated that the light was green, while the Harpers introduced evidence that the traffic light was red. Additionally, witnesses for both parties offered varying accounts of whether Mr. Churn was driving in a safe manner just prior to the accident. Finally, by eliciting damaging testimony and utilizing prior inconsistent statements, Mr.

---

[2] Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Tenn. R. Evid. 401.

Churn effectively attacked the credibility of several of the Harpers' witnesses on cross-examination. When considering the above evidence in addition to the entire record in this cause, we conclude that material evidence exists to support the jury's verdict. Therefore, pursuant to our standard of review, we hold that the trial court did not err in entering the jury verdict in favor of Mr. Churn.

In their remaining issue, the Harpers assert that the trial court erred by directing a verdict in favor of Mr. Beard. Our review of a trial court's decision to grant a directed verdict is well-settled. It is appropriate for a trial court to grant a directed verdict when the evidence is susceptible to only one conclusion. *Alexander v. Armentrout*, 24 S.W.3d 267, 271 (Tenn. 2000) (citing *Eaton v. Mclain*, 891 S.W.2d 587, 590 (Tenn. 1994); *Long v. Mattingly,* 797 S.W.2d 889, 892 (Tenn. Ct. App. 1990)). If reasonable persons could draw conflicting conclusions, the case should go to the jury. *Spann v. Abraham*, 36 S.W.3d 452, 462 (Tenn. Ct. App. 1999) (citing *Gulf, M. & O.R.R. v. Underwood*, 187 S.W.2d 777, 779 (Tenn. 1945); *Pettus v. Hurst*, 882 S.W.2d 783, 788 (Tenn. Ct. App. 1993)). These conclusions, however, cannot be based on speculation, conjecture, or guesswork. *Id.* (citing *Daniels v. White Consol. Indus. Inc.*, 692 S.W.2d 422, 425 (Tenn. Ct. App. 1985). When deciding whether a trial court should have granted a directed verdict, we must take the strongest legitimate view of the evidence in favor of the opponent of the motion. *Alexander*, 24 S.W.3d at 271. Further, we must allow all reasonable inferences in favor of the opponent of the motion and disregard all evidence contrary to the opponent's position. *Id.*

The Harpers offered two theories as to Mr. Beard's liability: negligent entrustment and vicarious liability. We will first address the negligent entrustment claim. Tennessee courts recognize a cause of action for the negligent entrustment of an automobile to one who is incompetent to use it. *Woodson v. Porter Brown Limestone Co.*, 916 S.W.2d 896, 907 (Tenn. 1996); *Nichols v. Atnip*, 844 S.W.2d 655, 661 (Tenn. Ct. App. 1992); *Rimer v. City of Collegedale, Tenn.*, 835 S.W.2d 23, 24 (Tenn. Ct. App. 24). In *Nichols*, this Court listed the four elements of a negligent entrustment claim. The elements are "(1) an entrustment of a chattel, (2) to a person incompetent to use it, (3) with knowledge that the person is incompetent, and (4) that is the proximate cause of injury or damage to another." *Nichols*, 844 S.W.2d at 659 (quoting *Chiniche v. Smith*, 374 So.2d 872, 876 (Ala. 1979)). It is important to note that the person entrusting the vehicle must have the right to control the vehicle at the time the vehicle is entrusted. *Rimer*, 835 S.W.2d at 24. Further, we stated in *Rimer* that

> the liability of an owner . . . is generally imposed only where the owner entrusts the vehicle to one whose appearance or conduct is such as to indicate his incompetency or inability to operate the vehicle with care, and that to impose liability in other cases, where the incompetency of the entrustee is not apparent to the entruster of the vehicle at the time of the entrustment, it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency.

*Id.* (quoting 60A C.J.S. *Motor Vehicles* § 431(1) (1969)).

In the present case, the Harpers did not establish the first element necessary to maintain a cause of action under the theory of negligent entrustment. The Harpers failed to offer evidence that would permit a reasonable inference that Mr. Beard had the right to control the vehicle or that Mr. Beard entrusted the vehicle to Mr. Churn. The Harpers argue that Mr. Beard's position as pastor of the church, coupled with the Harpers' testimony at trial, establish the first element in a claim for negligent entrustment. The testimony by Ms. Harper was as follows:

Q:      Who made the decision to rent the vehicle you all were riding in, the Suburban?

A:      As far as I know it was the pastor's decision.

Q:      How did Mr. Churn become the driver of the vehicle?

A:      When we arrived at the airport in Houston I can recall my husband and I and a couple of the other people were like away just waiting because the pastor and Keith Churn went up to make arrangements for the vehicle.

Additionally, Mr. Harper stated the following:

Q:      Who made the decision for Mr. Churn to drive on the date of the accident?

A:      I suppose I couldn't definitely say, but he and Pastor Beard was at the counter where the vehicle was being required so I assume that Pastor Beard made the suggestion that he be the driver.

Despite taking the strongest legitimate view of the above testimony, we cannot agree that this evidence establishes that Mr. Beard had the right to control the vehicle or that Mr. Beard entrusted the vehicle to Mr. Churn.[3] Ms. Harper's testimony regarding the decision to rent the Suburban does not permit a reasonable inference that Mr. Beard rented the vehicle or that Mr. Beard was in control of the vehicle. Further, testimony that Mr. Beard and Mr. Churn were at the counter together when the vehicle was rented fails to provide a reasonable inference that Mr. Beard entrusted Mr. Churn with the vehicle. The Harpers' testimony merely provides a route for jury speculation and guesswork. Accordingly, the Harpers failed to satisfy the first element of negligent entrustment. Moreover, we note that the Harpers failed to provide sufficient evidence to establish the second and third elements of negligent entrustment. There is no evidence in the record to establish that Mr. Churn was incompetent to drive the Suburban. Further, the record fails to indicate that Mr. Beard had knowledge of any incompetency at the time of the purported entrustment of the vehicle. Therefore, we conclude that the trial court properly granted Mr. Beard's motion for a directed verdict on the negligent entrustment issue.

---

[3]We note that the Harpers failed to introduce any additional evidence, such as the rental agreement, testimony by Mr. Beard, or testimony by Mr. Churn that would provide proof of who rented or controlled the Suburban.

The Harpers also argue that Mr. Beard is subject to vicarious liability because of the acts of Mr. Churn. Vicarious liability is the

>  imposition of liability on one person for the actionable conduct of another, based solely on a relationship between the two persons. Indirect or imputed legal responsibility for acts of another; for example, the liability of an employer for the acts of an employee, or a principal for torts and contracts of an agent.

***Browder v. Morris***, 975 S.W.2d 308, 311 (Tenn. 1998) (quoting ***Black's Law Dictionary*** 1566 (6th ed. 1990)).

In order to establish Mr. Beard's liability, the Harpers again rely on Mr. Beard's status as the church pastor and the above testimony by the Harpers. This evidence fails to permit a reasonable inference that would establish the vicarious liability of Mr. Beard. The evidence does not indicate that Mr. Beard and Mr. Churn had an agency or employment relationship that would impose liability on Mr. Beard for Mr. Churn's acts. As we stated in our discussion of the negligent entrustment claim, the Harpers cannot rely on speculation and guesswork to make their case. We find this issue without merit; therefore, the trial court properly granted Mr. Beard's motion for a directed verdict.

In addition, the jury found that Mr. Churn was not at fault in the collision. Mr. Beard could only be liable, under either of the Harpers' theories, if Mr. Churn were found to be negligent in his operation of the Suburban. Therefore, assuming ***arguendo*** that the trial court erred by granting Mr. Beard's motion for a directed verdict, such error would be harmless pursuant to Rule 36(b) of the Tennessee Rules of Appellate Procedure.[4]

Accordingly, we affirm the judgment of the trial court. The costs of this appeal are taxed to the appellants, Ms. Janet Harper and Mr. James Harper, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE

---

[4]"A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." Tenn. R. App. P. 36(b).