IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 9, 2007 Session

# VIRGINIA DELL PERSON v. JAMES R. WILSON, ET AL., AND COFFEE COUNTY, TENNESSEE, ET AL.

Appeal from the Circuit Court for Montgomery County
No. 32,890 and 32,909    John W. Rollins, Judge

No. M2006-00873-COA-R3-CV - Filed on May 31, 2007

This appeal arises from a two-car accident at the intersection of two county roads in Coffee County. The sixteen year-old driver of one of the two vehicles and his parents and sister, who were passengers in his vehicle, filed suit against the County for injuries they sustained in the accident, contending the County was at fault for failing to properly maintain the stop sign and vegetation at the intersection. The trial court attributed 50% of the fault to the County and 50% of the fault to the sixteen year-old driver. Because he was 50% at fault, the sixteen year-old driver was not awarded damages against the County; however, his parents and sister were awarded judgments against the County for 50% of their damages. On appeal, the County contends the parents are barred from recovering against it due to their negligence and negligent entrustment. The County also contends his sister was negligent for riding in the vehicle. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

Jeffrey M. Beemer and Robert C. Bigelow, Nashville, Tennessee, for the appellants, Coffee County, Tennessee and Alvin Harper.

Roger J. Bean and Christopher R. Moore, Tullahoma, Tennessee, for the appellee, Virginia Dell Person.

Thompson G. Kirkpatrick, Manchester, Tennessee, for the appellees, James R. Wilson, Beverly K. Wilson, James E. Wilson and Jennifer Wilson.

**OPINION**

This appeal arises out of a two-car accident at the intersection of Warren Road and Asbury Road in Coffee County, Tennessee, on October 8, 2002. One of the vehicles was driven by Virginia Dell Person. It is undisputed that she was not at fault. The other vehicle was driven by sixteen year-

old James R. "Bobby" Wilson.  The car Bobby was driving was owned by his parents, Beverly Wilson (Mrs. Wilson) and James E. Wilson (Mr. Wilson).  His parents, his sister, Jennifer Wilson, and his cousin, Charles Wilson, were riding with Bobby when the collision occurred.

Events leading up to the accident are relevant and, thus, must be discussed.  They begin with Mrs. Wilson deciding to run an errand. As was customary with the Wilson family when Mrs. Wilson ran an errand, the family often joined her.  Thus, when she left to run her errand, she was accompanied by her husband, Mr. Wilson, their son, Bobby, and their daughter, Jennifer.  Since Mrs. Wilson was the only licensed driver, she drove.

While Mrs. Wilson was driving, she became dizzy, an apparent adverse reaction to medicine she had taken.  As her dizziness increased, she decided she could not drive safely and thus she pulled into a gas station to see if the dizziness would soon pass.  It did not, and the family grew tired of waiting.  As a consequence, they decided they would proceed but they were faced with a dilemma, that being that Mrs. Wilson was the only licensed driver.  Mr. Wilson did not have a license because he suffered from epilepsy, Charles Wilson's license had been revoked, and neither the daughter, Jennifer, who was seventeen, or the son, Bobby, who was sixteen, had ever obtained a license. Bobby, however, had previously driven on the family's farm between the house and the mailbox and had driven his parents to town to run errands.  Ultimately, Mrs. and Mr. Wilson told Bobby to drive. Thus, the five of them took off in the family car to complete Mrs. Wilson's errands with the unlicensed, untrained, and inexperienced sixteen year-old Bobby at the wheel.

After Bobby had been driving for a short while, the Wilsons decided to take a shortcut that placed them on Warren Road with which they were not familiar.  Once on Warren Road, they needed to locate and turn onto Asbury Road, but they did not know where it was.  As Bobby drove along, he failed to see Asbury Road or the traffic control signal, a stop sign, at the intersection.  As luck would have it, Bobby drove through the stop sign and collided with the vehicle being driven by Ms. Person, which was traveling along Asbury Road.

The only traffic control at the intersection was a stop sign that directed the vehicles on Warren Road to stop at the intersection with Asbury Road.  Thus, Ms. Person, who was traveling along Asbury Road, had the right-of way.  It is undisputed that the Wilson vehicle failed to stop at the intersection, and the brakes on the Wilson vehicle were not applied prior to the collision with Ms. Person's vehicle.  It is also undisputed the stop sign on Warren Road was bent, partly obstructed by foliage, and somewhat faded; however, the visibility of the stop sign, meaning the distance from which a driver along Warren Road could see the stop sign, is hotly disputed.

Two separate civil actions were filed as a result of the accident.  The first action was filed by Ms. Person.  She asserted a claim against Coffee County for its failure to maintain the stop sign, and a claim against Bobby Wilson and his parents for Bobby's negligent operation of the Wilson vehicle.  A separate civil action, and the one at issue on appeal, was filed by Ms. Wilson, Mr. Wilson and Jennifer Wilson against Coffee County for the injuries they sustained in the wreck.

Coffee County defended both actions by contending it did not negligently maintain the stop sign or the intersection, and that the accident was the sole and proximate result of Bobby Wilson's failure to stop as directed at the intersection. In the action filed by the Wilsons, the County also alleged that Bobby's negligence was imputed to his parents and thus their claims were barred due to the fact he was found to be 50% at fault and that Mr. and Mrs. Wilson were also negligent under the doctrine of negligent entrustment. The County also alleged that Jennifer Wilson was negligent for riding in a vehicle driven by her inexperienced, unqualified, and unlicensed brother Bobby. The two cases were consolidated for discovery and trial, and the parties stipulated that Ms. Person was not at fault.

The case was tried before the court without a jury following which the trial court found Bobby Wilson 50% at fault and Coffee County 50% at fault. The plaintiffs, Ms. Person, Mrs. Wilson, Mr. Wilson and Jennifer Wilson were awarded a judgment against the County for 50% of their damages, with the other 50% apportioned to Bobby Wilson. Bobby Wilson, who also filed a claim against the County was denied any recovery because he was found to be 50% at fault.

Coffee County appealed the adverse judgments, claiming the trial court erred by allocating fault against the County. Since the filing of this appeal, Coffee County has settled the claim of Ms. Person.[1] Thus, the only issues on appeal pertain to the claims of Mrs. Wilson, Mr. Wilson and Jennifer Wilson.

## STANDARD OF REVIEW

The standard of review of a trial court's findings of fact is *de novo* and we presume that the findings of fact are correct unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). For the evidence to preponderate against a trial court's finding of fact, it must support another finding of fact with greater convincing effect. *Walker v. Sidney Gilreath & Assocs.*, 40 S.W.3d 66, 71 (Tenn. Ct. App. 2000); *The Realty Shop, Inc. v. R.R. Westminster Holding, Inc.*, 7 S.W.3d 581, 596 (Tenn. Ct. App. 1999). Where the trial court does not make findings of fact, there is no presumption of correctness and we "must conduct our own independent review of the record to determine where the preponderance of the evidence lies." *Brooks v. Brooks*, 992 S.W.2d 403, 405 (Tenn. 1999). We also give great weight to a trial court's determinations of credibility of witnesses. *Estate of Walton v. Young*, 950 S.W.2d 956, 959 (Tenn. 1997); *B & G Constr., Inc. v. Polk*, 37 S.W.3d 462, 465 (Tenn. Ct. App. 2000). Issues of law are reviewed *de novo* with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

---

[1] Counsel for Coffee County announced to the Court at the hearing of this matter that the claim of Virginia Dell Person had been settled in all respects and that Coffee County would be liable for any court costs on appeal associated with the claim of Mrs. Person.

ANALYSIS

Three of the five members of the Wilson family were awarded damages against Coffee County, they being Ms. Wilson, Mr. Wilson, and their seventeen year-old daughter Jennifer. The sixteen year-old driver, Bobby Wilson was denied any recovery against the County because he was found to be 50% at fault.[2]

The County contends on appeal that the claim of Mr. and Mrs. Wilson should be barred or reduced because they were negligent by allowing their "16 year old, unlicensed son drive a newly acquired car in an unfamiliar area of town." The County also contends the parents "are liable based on negligent entrustment." As for Jennifer Wilson, the County contends that she was negligent for riding in the car driven by a "reckless driver." We find no merit to either contention.

Tennessee recognizes a cause of action for the negligent entrustment of an automobile to one who is incompetent to use it. *See Harper v. Churn*, 83 S.W.3d 142, 146 (Tenn. Ct. App. 2001)(citing *Woodson v. Porter Brown Limestone Co.*, 916 S.W.2d 896, 907 (Tenn.1996)). A party seeking to establish a case for negligent entrustment must show four elements: "(1) an entrustment of a chattel; (2) to a person incompetent to use it; (3) with knowledge that the person is incompetent; and (4) that is the proximate cause of injury or damage to another." *Harper*, 83 S.W.3d 142, 146 (quoting *Nichols v. Atnip*, 844 S.W.2d 655, 659 (Tenn. Ct. App. 1992)).

The owner's negligence for entrusting a chattel to another does not rest on imputed negligence, meaning the negligent operation of the vehicle by the one to whom it was entrusted, but is instead based on the separate act of negligently entrusting the vehicle to an incompetent driver. *Ali v. Fisher*, No. E2003-00255-COA-R3-CV, 2003 WL 22046673, at *7 (Tenn. Ct. App. Aug. 29, 2003).

For one to be negligent by entrusting a vehicle to another, "it must be affirmatively shown that the entruster had at that time knowledge of such facts and circumstances relating to the incompetency of the entrustee to operate the motor vehicle as would charge the entruster with knowledge of such incompetency." *Harper*, 83 S.W.3d at 146 (quoting *Rimer v. City of Collegedale, Tenn.*, 835 S.W.2d 22, 24 (Tenn. Ct. App. 1992)).

The trial court did not make any specific findings of fact regarding the elements of negligent entrustment; thus, we must review the record and make our determination as to where the preponderance of the evidence lies. *See Brooks*, 992 S.W.2d at 405.

The record shows that Bobby, although only sixteen years of age, had been driving vehicles on his family's farm for over three years. It also shows that Mr. and Mrs. Wilson allowed Bobby to drive them on several prior occasions to various locations including the grocery store and to medical appointments. We also learn from the record that Bobby had never exhibited any indications of

---

[2]Charles Wilson did not make a claim.

being a reckless driver. The record further shows that he had driven vehicles in conjunction with his employment at EXCO, a commercial driver's institute, and that he had previously driven the Ford Thunderbird that he was driving at the time of this collision. In fact, Bobby had driven the Thunderbird as often as his mother.

The County vigorously asserts that Bobby's lack of licensure is a significant factor in regards to the parents negligence; however, the County fails to cite any authority to support this assertion. The reason is obvious. That is because in Tennessee negligent entrustment cannot be inferred from the mere fact that the driver did not have a driver's license. *See Dukes v. McGimsey*, 500 S.W.2d 448, 451-452 (Tenn. Ct. App. 1973).

Finally, the County contends the parents were negligent for distracting Bobby. One of the means by which they allegedly distracted him was by instructing him to look for the Asbury Road street sign. We find such an argument wholly without merit.

Considering the foregoing facts, we have determined that the evidence preponderates against a finding that Bobby was "incompetent" to drive the family car on the day of the collision, or that Mr. and Mrs. Wilson had reason to believe that Bobby was incompetent to drive the family car. We therefore find no basis to hold Mr. or Ms. Wilson negligent for entrusting the operation of the family car to Bobby on the day of the collision.[3]

### JENNIFER WILSON'S CLAIM

As for the seventeen year-old Jennifer Wilson who was riding in the vehicle with her parents and brother at the time of the collision, the County contends she was negligent by riding in the vehicle being operated by her brother. We find no merit to this argument.

Automobile passengers must exercise reasonable care for their own safety. For instance, a passenger must protest excessive speed, and must not ride with a drunken driver or one who is reckless or incompetent for any reason. *See Cole v. Woods*, 548 S.W.2d 640, 650 (Tenn. Ct. App. 1977). In this case, however, Jennifer was riding in a car under the supervision of her parents. There is no proof in the record that she had any control over the situation, or that any justification existed for her to protest her brother's driving. Having reviewed the record, we can find no basis to assess any negligence or fault to Jennifer Wilson.

---

[3]We wish to note that the County did not assert the family purpose doctrine as a basis for the parents' negligence. As a consequence we will not discuss the family purpose doctrine, which is distinct from the concept of negligent entrustment and rests on the presumption that if a family member operates an automobile that is owned and used for family purposes, the family member is the servant of the owner of the automobile and is engaged upon his business at the time the negligence occurred." *See Stephens v. Jones*, 710 S.W.2d 38, 41 (Tenn. Ct. App. 1984)(citing *Scates v. Sandefer*, 163 Tenn. 558, 44 S.W.2d 310 (1931)); *see also Camper v. Minor*, 915 S.W.2d 437, 447 (Tenn. 1996).

Accordingly, we affirm the trial court's decision to award Jennifer Wilson a judgment against the County of 50% of the $8,000 of damages she incurred.

## CONCLUSION

We therefore affirm the trial court in all respects and this matter is remanded with costs of appeal assessed against Coffee County.

_____
FRANK G. CLEMENT, JR., JUDGE