IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 18, 2015 Session

**MELANIE JONES, INDIVIDUALLY AND ON BEHALF OF
MATTHEW H. v. SHAVONNA RACHELLE WINDHAM, ET AL.**

**Direct Appeal from the Circuit Court for Shelby County
No. CT-0044-2811     Robert Samual Weiss, Judge**

---

**No. W2015-00973-COA-R10-CV – Filed March 11, 2016**

---

BRANDON O. GIBSON, J., dissenting

I must respectfully dissent from the majority's Opinion, and I believe Tennessee should adopt the preemption rule. In my view, once an employer has admitted *respondeat superior* liability for an employee's negligence, it is improper to allow a plaintiff to proceed against the employer on a negligent hiring or negligent supervision theory of liability.

The history of the concept of negligent hiring is instructive and is aptly described as follows:

> The tort of negligent hiring emerged initially as an exception to the common law fellow servant rule. The fellow servant rule traditionally absolved employers from the liability they would otherwise face for torts committed among employees. For example, early employers often escaped liability for workplace violence and unlawful harassment among their employees. To ameliorate the harshness of the fellow servant rule, courts began allowing causes of actions for the negligent hiring of employees in the early 1900s. Where employees were previously unable to pursue an action against their employers for the actions of fellow employees, negligent hiring now allowed them to seek such recourse.
>
> Courts first recognized the cause of action of negligent hiring in this initial form in *Ballard's Administratrix v. Louisville & Nashville Railroad Co.* in 1908.[1] [*Ballard's Administratrix v. Louisville & Nashville Railroad Co.*,

---

[1] In *Ballard,* an employee played a prank on another employee by using a high pressure air hose. The

110 S.W. 296 (Ky. 1908)].  In this case, the Kentucky Supreme Court held that "an employer could be liable for negligently hiring an employee who caused injury to a fellow employee if the act that caused the injury was within the employee's scope of employment."  Courts subsequently expanded the tort to include employee actions outside the scope of employment.

The exception to the fellow servant rule resulting from *Ballard* and other decisions was a logical extension of a widely recognized common law doctrine requiring employers to ensure the safety of the workplace for their employees.  Subsequently, this duty progressed from a duty to maintain a safe work place to "providing safe employees because a dangerous fellow employee was seen as being equally as dangerous as a defective machine."  With time, courts also began to extend the cause of action beyond the realm of employees "to create a duty between employers and third parties based upon the third party's relationship with the employer."  For example, where a department store employee pushed and injured a store patron, a Missouri court held that

> [a] merchant owes to his customer, who comes upon his premises by invitation, the positive duty of using ordinary care to keep the premises in a reasonably safe condition for use by the customer in the usual way; and this doubtless includes the duty of using ordinary care to employ competent and law-abiding servants.[2]

Thus, because of the relationship between the plaintiff-customer and the defendant-department store, the court held that the department store had a duty to exercise ordinary care when hiring employees.  Courts further expanded the doctrine in subsequent cases to landlords and their employees and to actions by employees beyond the immediate area of the employer's control. . . .   Today, the tort of negligent hiring remains one of the fastest

---

result of the prank was the death of the employee upon whom the prank was played. The employer's managers were aware of the dangerous nature of the high pressure air hose, and they were aware that the playful employee had used it to play pranks on others. The managers took no action to warn against, restrain, or prevent this conduct. The court held that the employer would be liable for such actions under the theory of *respondeat superior* but only if those actions occurred within the scope of the employee's employment. However, the court implied that an employer could be liable, in certain situations, for the negligent hiring of an employee. *See Ballard*, 110 S.W. at 296.

[2]*Priest v. F.W. Woolworth Five & Ten Cent Store*, 62 S.W.2d 926, 927 (Mo. 1933).

growing areas of tort litigation.

Morgan, Fife, *Predator in the Primary: Applying the Tort of Negligent Hiring to Volunteers in Religious Organizations*, 2006 BYU L. REV., 569, 578-79 (2006) (internal footnotes omitted).

In Tennessee, the torts of negligent hiring, supervision, and retention are based on the principle that a person conducting an activity through employees is liable for harm resulting from negligently employing improper persons or instrumentalities in the work involving risk of harm to others. *Gates v. McQuiddy Office Prods.*, No. 02A01-9410-CV-00240, 1995 WL 650128, at *1 (Tenn. Ct. App. Nov. 2, 1995). Therefore, in order for an employer to be held liable for negligent hiring or negligent supervision, a plaintiff must show that the employee who was negligently hired or supervised by the employer caused some injury. *Id.* The California Supreme Court, in adopting the preemption rule, described the nexus that exists between an employer's negligent entrustment or negligent hiring and its employee's own negligence:

> No matter how negligent an employer was in entrusting a vehicle to an employee, however, it is only if the employee then drove negligently that the employer can be liable for negligent entrustment, hiring, or retention. [*Jeld-Wen, Inc. v. Superior Court* (2005), 131 Cal.App.4th 853, 863-864, 32 Cal.Rptr.3d 351]. If the employee did not drive negligently, and thus is zero percent at fault, then the employer's share of fault is zero percent. That is true even if the employer entrusted its vehicle to an employee whom it knew, or should have known, to be a habitually careless driver with a history of accidents.

*Diaz v. Carcamo*, 253 P.3d 535, 543 (Cal. 2011). Where an employer has already admitted liability for the resulting harm through *respondeat superior*, a negligent hiring claim can impose no additional liability. To illustrate, if the negligent conduct of an employee caused a plaintiff $20,000 in damages and the employer admitted vicarious liability for the actions of the employee, the employer would already be liable for the full amount of harm caused by the employee. As the Missouri Supreme Court noted in *McHaffie v. Bunch*, 891 S.W.2d 822, 826 (Mo. 1995), "[t]he liability of the employer is fixed by the amount of the liability of the employee."

I disagree that adoption of the preemption rule runs afoul of Tennessee's comparative fault principles. Again, an employer's admission of vicarious liability imputes the full amount of the employee's liability to the employer. Additional theories of negligence serve no real purpose. As the California Supreme Court went on to explain:

Comparative fault "is a flexible, commonsense concept" adopted to enable juries to reach an "'equitable apportionment or allocation of loss.'" (*Knight v. Jewett* (1992) 3 Cal. 4th 296, 314, 11 Cal. Rptr.2d 2, 834 P.2d 696.) If, as here, an employer offers to admit vicarious liability for its employee's negligent driving, then claims against the employer based on theories of negligent entrustment, hiring, or retention become superfluous. To allow such claims in that situation would subject the employer to a share of fault *in addition to* the share of fault assigned to the employee, for which the employer has already accepted liability. To assign to the employer a share of fault greater than that assigned to the employee whose negligent driving was a cause of the accident would be an inequitable apportionment of loss.

*Diaz*, 353 P.2d at 543-544.

Here, the Defendant Employers admitted vicarious liability for any liability attributable to Ms. Windham. Jones's additional negligence claims create no additional liability, regardless of the amount of fault that might have been apportioned between the Defendant Employers and Ms. Windham. In this case, under the comparative fault principles of Tennessee and *respondeat superior*, if a jury finds that Ms. Windham drove negligently, the Defendant Employers will be liable for any damages not apportioned to the plaintiff due to his own negligence.

I disagree with the majority's reliance on *Harper v. Churn*, 83 S.W.3d 142 (Tenn. Ct. App. 2001), as I do not think it is instructive to the facts presented in the case at bar.[3]

---

[3]In addition to relying on *Harper v. Churn*, 83 S.W.3d at 142, Appellant also argues that the Tennessee Supreme Court's opinion in *West v. East Tennessee Pioneer Oil Co.*, 172 S.W.3d 545, 555 (Tenn. 2005), establishes that Tennessee courts consider negligent hiring, retention, supervision, training, and entrustment as separate and distinct claims from vicarious liability under *respondeat superior*. In *West*, the Tennessee Supreme Court noted that it "has recognized that negligent entrustment and vicarious liability are separate and distinct concepts." *West*, 172 S.W.3d at 555. I do not disagree that the two theories are separate and distinct *concepts*. Being separate and distinct *concepts* does not necessarily mean that the two are always separate and distinct *claims*. The *West* court was not addressing the question at issue in the case at bar but instead was addressing whether a gas station's sale of alcohol to an obviously inebriated driver constituted negligent entrustment after that driver injured another motorist. The plaintiffs filed suit, alleging that the gas station was liable for their injuries based on the theories of negligence, negligence per se, and negligent entrustment in furnishing the driver with gasoline. The *West* court drew a distinction between negligent entrustment and vicarious liability because of apparent confusion between the two theories in other courts. *Id.* at 555.

> Cases . . . such as [*Brown v. Harkleroad*, 287 S.W.2d 92 (Tenn. Ct. App. 1955)] appear
> to misconstrue the basic premise underlying negligent entrustment by confusing it with
> the theory of vicarious liability. *See, e.g., Broadwater v. Dorsey*, 688 A.2d 436, 441

4

In *Harper*, the plaintiffs and defendants were traveling together on a church trip in a rented vehicle at the time of the collision. *Id*. at 143. The plaintiffs claimed that Churn was negligent in his operation of the vehicle and that the church's pastor was either vicariously liable for their injuries or was liable under a theory of negligent entrustment. *Id*. One of the issues on appeal was whether the trial court properly granted a directed verdict in the pastor's favor. *Id*. at 146. Again, the plaintiffs offered two theories as to the pastor's liability: negligent entrustment and vicarious liability. *Id*. This Court first addressed plaintiffs' negligent entrustment claim and determined that the plaintiffs failed to establish the first element of a negligent entrustment claim – that the pastor had "the right to control the vehicle or that [the pastor] entrusted the vehicle to Mr. Churn." *Id.* at 146-147.[4] The court also examined plaintiffs' claim of vicarious liability and held that "the evidence does not indicate that [the pastor] and Mr. Churn had an agency or employment relationship that would impose liability on [the pastor] for Mr. Churn's acts." *Id*. at 148.

In *Harper*, the church pastor did not admit vicarious liability, which is, in my opinion, a paramount distinction between that case and the case presently before us. The torts of negligent hiring, negligent supervision, and negligent retention should only provide plaintiffs with an avenue of recovery from an employer for the tortious actions of employees that fall outside of those employees' scope of employment. In other words, the torts should only provide relief outside of the relief afforded by *respondeat superior*. Certainly, when employers do not admit *respondeat superior* liability, plaintiffs should be entitled to pursue alternative theories of recovery, including negligent hiring, entrustment, and/or supervision. But when, as here, an employer admits *respondeat superior* liability, to the extent liability exists at all, a plaintiff should not have those additional and unnecessary alternative theories of recovery available.

---

(Md. 1997) (holding that "without the right to permit or prohibit the use of the chattel at the time of the accident, an individual cannot be liable for negligent entrustment").

*Id*. *West* clarified that liability for negligent entrustment is founded on the supplier's direct negligence in entrusting a chattel to an incompetent user, while vicarious liability relies upon the supplier's right to control the chattel at the time the entrusted misuses it. *Id.* This clarification allowed a claim of negligent entrustment against the gas station owner although the gas station owner clearly had no right to control the gasoline after selling it. *Id.* However, *West* did not involve a claim of vicarious liability, nor did it involve any allegations of *respondeat superior*. The discussion in *West* is, therefore, inapplicable to the present case.

[4]The court also noted that the plaintiffs "failed to provide sufficient evidence to establish the second and third elements of negligent entrustment. There is no evidence in the record to establish that Mr. Churn was incompetent to drive the Suburban. Further, the record fails to indicate that [the pastor] had knowledge of any incompetency at the time of the purported entrustment of the vehicle." *Harper* at 147.

5

Jones argues that the Defendant Employers' proposed preemption rule creates the likelihood of a situation where a jury faced with allocating the negligence between a single plaintiff and single defendant may just "split the baby," thereby preventing the plaintiff's recovery under Tennessee's modified comparative fault principles. The majority agrees with Jones's assertion, but I do not believe Tennessee's comparative fault principles preclude adoption of the preemption rule. On the contrary, our supreme court, in *McIntyre v. Balentine*, directed that "[i]n all trials where the issue of comparative fault is before a jury, the trial court shall instruct the jury on the effect of the jury's finding as to the percentage of negligence as between the plaintiff or plaintiffs and the defendant or defendants." *McIntyre v. Balentine*, 833 S.W.2d 52, 57 (Tenn. 1992); *see also* 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 3.50 (2015 ed.)("A party claiming damages will be entitled to damages if that party's fault is less than 50% of the total fault in the case. A party claiming damages who is 50% or more at fault, however, is not entitled to recover any damages whatsoever."). Additionally, the supreme court noted, "The attorneys for each party shall be allowed to argue how this instruction affects a plaintiff's ability to recover." *Id.*

Some jurisdictions adopting the preemption rule have created an exception that allows a plaintiff to assert both theories of liability if a valid claim for punitive damages is presented. *McHaffie,* 891 S.W.2d at 826; *Durben v. Am. Materials, Inc.*, 503 S.E.2d 618, 619 (Ga. 1998); *Clooney v. Geeting*, 352 So.2d 1216, 1220 (Fla. Dist. Ct. App. 1977). The reason for allowing such an exception is that there are instances where allegations against the employer are sufficiently reprehensible to allow a claim for punitive damages to go before a jury. Because these punitive damages claims relate to the employer's conduct and not the employee's negligence, the punitive damages exception allows a plaintiff to proceed under both theories of liability. *See Durben*, 503 S.E.2d at 619.

Generally, I believe Tennessee should adopt the punitive damages exception to the preemption rule. In this particular case, however, I am unable to determine whether the punitive damages exception would apply. Because the trial court's order did not comply with Tennessee Rule of Civil Procedure 56.04 by stating legal grounds for its denial of partial summary judgment with respect to the punitive damages claim, were we adopting the preemption rule, we would be unable to appropriately address whether the punitive damages exception applies.

This case presents an issue of first impression in Tennessee. I acknowledge that there are good arguments for the majority's adoption of the non-preemption rule. I simply disagree that current Tennessee law requires adoption of the non-preemption rule. Further, I think adoption of the preemption rule would encourage employers to take

responsibility for the negligent conduct of their employees while still appropriately compensating plaintiffs for injuries.


_____
BRANDON O. GIBSON, JUDGE